UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GENE NEVILS                    ]
    Plaintiff,                ]
                               ]
v.                             ]      No. 3:13-0261
                               ]      Judge Trauger
STATE OF TENNESSEE, et al.     ]
    Defendants.               ]

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Williamson County Jail in Franklin, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the State of Tennessee and Williamson County, seeking injunctive relief and damages.

The plaintiff claims that his civil rights are being violated during the course of criminal proceedings in Williamson County. More specifically, he alleges that the trial judge has violated his rights by refusing to reduce the amount of a bond needed to be released from custody. In addition, the plaintiff believes that he is not receiving the effective assistance of counsel.

The Eleventh Amendment bars a suit in federal court by a citizen against a state or its agencies unless the state has expressly consented to suit by waiving its sovereign immunity or Congress has clearly overridden that immunity. Pennhurst State School and Hospital v. Halderman, 104 S.Ct. 900, 908 (1984); Will

v. Michigan Department of State Police, 109 S.Ct. 2304, 2312 (1989).

Congress has not overridden a state's sovereign immunity to civil rights complaints. Moreover, the State of Tennessee has not consented to waive its immunity to such actions. Berndt v. Tennessee, 796 F.2d 879 (6th Cir.1986). Therefore, faced with the defendant's sovereign immunity, the plaintiff has failed to allege an actionable claim against the State of Tennessee for which relief can be granted.

The plaintiff also contends that Williamson County is liable for the violation of his rights. However, for Williamson County to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint. Consequently, the plaintiff has failed to state an actionable claim against Williamson County.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge